IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SETH HANSEN,<br><br>        Defendant. | 4:22-CR-3145<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 43) and moved for departure and variance (filing 45).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the assessment of a two-level increase to the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Filing 43; *see* filing 45 at 4-5. As relevant, a "dangerous weapon" is "an instrument capable of inflicting death or serious bodily injury" or "an object that is not an instrument capable of inflicting death or serious bodily injury but closely resembles such an instrument." U.S.S.G. § 1B1.1 cmt. n.1(E). And this enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1 cmt. n.11(A). Thus, the government must show that (1) the weapon was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense. *United States v. Maxwell*, 61 F.4th 549 (8th Cir. 2023).

The defendant argues that neither of the weapons at issue here—a utility knife and a taser—was connected to his drug offense. Filing 45 at 5. And when the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this objection at sentencing.

The defendant also asks the Court to depart downward pursuant to U.S.S.G. § 5K2.23 to account for time spent in state custody on a related charge that was subsequently dismissed. Filing 45 at 2-3. Although the time the defendant spent in state pretrial detention was not technically a "term of imprisonment," because no sentence was ever imposed, the Eighth Circuit has held that the Court has the authority to depart downward pursuant to U.S.S.G. § 5G1.3(b) cmt. n.5 and § 5K2.23 when a defendant has spent time in state pretrial detention on a related state charge that was subsequently dismissed, and that it is reversible error to simply defer to the Bureau of Prisons whether to credit that as time served. *United States v. White*, 354 F.3d 841, 844-45 (8th Cir. 2004). The Court will resolve the defendant's request for departure at sentencing.

Finally, the defendant moves for a downward variance based on his personal circumstances, the circumstances of the offense, and the Court's decision in *United States v. Havel*, No. 4:21-CR-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). *See* filing 45 at 3-4, 7-15. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 15th day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge